# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12 CR 92

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DOUGLAS TODD REESE. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this Court on April 29, 2013. It appearing to the Court at the call of this matter on for hearing the Defendant was present with his attorney, Fredilyn Sison and the government was present and represented through Assistant United States Attorney John Pritchard. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On October 2, 2012 a bill of information was issued charging Defendant with three counts of possessing with intent to distribute a controlled substance, that being marijuana, and a final fourth count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

1

On October 15, 2012, the undersigned entered an order releasing Defendant on terms and conditions of pretrial release. On April 29, 2013, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of Defendant to the charge presented in count four of the bill of indictment, that being possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). At the end of the Rule 11 proceeding, this Court presented the issue of whether or not Defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears Defendant has entered a plea of guilty on April 29, 2013 to a violation of 18 U.S.C. §

924(c)(1)(A)(i). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A).

The undersigned made an inquiry of Assistant United States Attorney John Pritchard as to whether or not there is going to be a recommendation that no sentence of imprisonment be imposed upon Defendant. Mr. Pritchard advised the Court that such a recommendation could not be made in this matter. As a result of the plea of guilty, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. Mr. Pritchard has advised that the government will not recommend that no sentence of imprisonment be imposed upon Defendant. It would thus appear and the Court is of the opinion that the Court is required to apply the factors as set forth under 18 U.S.C.§3143(a)(2) which require the detention of Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby revoked and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: May 2, 2013

Dennis L. Howell
United States Magistrate Judge